You may proceed. Good afternoon, Your Honors. There's a saying in law that bad facts make bad law. And I believe at the core of this, in trying to understand both the rulings of Ninth Circuit BAP, both of them took notice of the fact in their Memorandum of Decision of the Trial Court and in the Memorandum of Decision of the Ninth Circuit, that after the 2003 sale order had been issued, there was a subsequent agreement made between the parties which varied from the terms of the order approving the 2003 sale. This resulted in a sanctions award against all of the parties, my client, the appellee, as well as the broker in the case. And the judge in his comments was very pointed in saying that he was extremely unhappy that this had been done in violation of the 2003 order and the terms of that order that they had modified it and as a reason opposed relatively substantial sanctions against all three. Thereafter, after first in response to a motion for summary judgment acknowledging that the court had jurisdiction, that this action had arisen under the bankruptcy by virtue of what we call the Morschauser order, the 2007 order whereby Mr. Morschauser purchased two of the lots. That was after the 2003 sale order. And after assuming jurisdiction and correctly, I believe, acknowledging that the court had jurisdiction, did an about-face and on his own motion the court indicated that it felt that it did not have jurisdiction. As I've set forth in my briefs and as I'm prepared to discuss with the court today, I think that that was the initial ruling was the correct ruling. And I think that the reason, the rationale behind doing this is that the trial court was upset with both parties, with all parties by virtue of their conduct. And it was that which motivated the court to dismiss the entirety of the action. And the court chose that avenue as dismissal for lack of jurisdiction. Aren't the claims state law claims? The claims that are being asserted here? Yes. Yeah, they involve state law. They're not state law claims. They're bankruptcy claims, but they involve state law in determining the nature and extent and validity. Why are they bankruptcy claims? In bankruptcy, the estate has obligations to administer that estate. That means to sell the relief that you're seeking. And this is really what I'm asking, which is how is the relief that you're seeking going to affect the orders of the bankruptcy court? It's not going to affect the debtor, the creditor. This is as between Mr. Morshauser and the third party broker who got the assignment. Isn't that correct? It doesn't affect any party in the bankruptcy or any of the orders of the bank. Well, all of those parties were parties in the bankruptcy when the order was issued. And I think the critical No. And Mr. Morshauser was not. Mr. Morshauser was part of a partnership that was the debtor in the bankruptcy. And then there was the creditor, which was Continental Capital. But Mr. Morshauser himself was not a party to the bankruptcy. He was a party to the bankruptcy in that he was a party to the purchase of lots two and three by the two Morshauser order. And he did that subject to the liens and encumbrances on those parcels, correct? He did it subject to those liens and encumbrances and subject to the bankruptcy court recognizing that he had a, because he took subject to those, he, as well as the trustee, as well as any interested parties, the language that the court used, had the ability to seek a determination as to the nature, extent, and validity of those liens, which they assumed. Why is that? I mean, I saw that the bankruptcy court put in that order that it would retain jurisdiction to determine in subsequent actions the nature, extent, and validity of any lien or encumbrance upon the subject property. But why, years later, would it have the right to decide some state law dispute about the scope of a lien between two parties that has just absolutely no effect on the bankruptcy of the state at all? I think what's critical is not establishing, first of all, I agree with the bankruptcy appellate panel. If the court did not have jurisdiction at that time, it couldn't establish jurisdiction by virtue of retaining jurisdiction. And that was a... You can't just say, well, I retain jurisdiction to do X. Even if I don't have jurisdiction. I've given you jurisdiction to do X. Even if I don't have jurisdiction. So you have to independently establish it apart from language retaining it. Correct. And that's what I'm trying to explain, that the court, the bankruptcy court, at the time it issued that order, most certainly had jurisdiction to determine the nature, extent, and validity of the secured claims. That was within its province in the bankruptcy court to do that. What happened is... So why is that? If Morshauser was willing to take the property subject to whatever the liens were, why would the bankruptcy court have any authority to decide what the nature of those liens were against other parties in a way that wouldn't produce anything for the estate? Your Honor, it did produce something to the estate. And that is, Mr. Morshauser would not have purchased those claims but for the retention of jurisdiction. First of all, there's two things in the order. There's the retention of jurisdiction provision. And then there's provision in the sale order at 1 ER 32 where it says the sale is subject to all existing liens and encumbrances. However, without prejudice to the trustee or any party in interest, including Morshauser, to bring appropriate actions before this Court to release, discharge, or determine the validity of any lien or encumbrance, Morshauser or without the — with Morshauser having the right to demand release of any such lien or encumbrance. In other words, that was a recognition of the fact that at that time the Court had the right to make that determination. Well, let me get this straight. Let me make sure I understand this, what you're arguing. So Morshauser consents to the assignment. He knew about the assignment of Parcel 2 and Note 2 to the broker, correct? Assume so, yes. Okay. I think the answer is yes to that question. The record makes that plain. And then he purchases the parcels subject to the lien and encumbrances on it. And what you're saying is he only agreed to purchase those parcels subject to the liens and encumbrances because the bankruptcy court had retained jurisdiction, and but for that retention of jurisdiction, he wouldn't have purchased the parcels on which he actually consented and knew about the assignment on? And then after that, he waited some number of years before he asked the Court to resolve the liens and encumbrances on those parcels? Two separate issues. First is the issue of the brokers, whether or not the brokers had a right to be compensated and had a lien on that, on the property. That's independent of the issue of whether or not the appellee in this case, CONCAP, had a valid lien at that time. And the complaint alleges that it did not have a valid lien because it had been paid in full on its valid lien, and therefore it had no lien. So the two issues of, first of all, whether or not the broker was entitled to compensation and had a lien is separate and apart from the determination of whether CONCAP had a lien on the property and has a lien on the property. They currently maintain a lien on the property. So those are two separate issues. And with regards to the second issue, and that is whether or not CONCAP had a valid lien, the extent, validity and enforceability of that lien, as of the date that order in 2007 was issued, that was a decision for the Bankruptcy Court to make. The Court could have... until much later to seek relief on his state law claims to quite title. I don't understand that... Again, two separate issues. Let me see if I can break them up. First of all, the order for sale, the 2000 order for sale, is a bundle of sticks. It has a number of provisions in them, all of which constitute the terms and conditions of that sale. So he bought that property subject to, as the language I just quoted, subject to those liens and conditions without prejudice to his ability to contest those... You said 2007 order of sale. Do you mean 2007 order of sale? I'm talking about what I call the Morshauser sale of July 5th, 2007. That's the 2007 order. Yes. I misspoke. I apologize, Your Honor. And that is the bundle of sticks. That is what he bought. He bought it subject to that, but with an ability for the Bankruptcy Court, which had jurisdiction, could have made that determination in an adversary proceeding or otherwise. For that. He didn't... I mean, let's just assume that Mr. Morshauser wouldn't have asked for or allowed, you know, asked for the purchase of these parcels. I think this is what you're saying. He wouldn't have agreed to purchase these encumbered parcels but for knowing that the Bankruptcy Court was retaining jurisdiction. Is that what you're saying? Essentially, Your Honor. I'm saying it's a bundle of sticks, and it's hard to decide what exactly, what piece made it a certain decision-making in his process. Did he buy it just because of the price? Did he buy it because of the price? Right back to the question that Judge Collins asked you, which is, just because the Bankruptcy Court has that language and he asks for it and then he relies on it doesn't make it so. He never then asked for the Bankruptcy Court to address any quiet title claims with respect to the liens and encumbrances on those parcels. And today, you're standing here and saying, you know, because he relied on that language, because it was in the order, that somehow creates this jurisdiction. But that's precisely the problem that I think Judge Collins is asking about, which cannot be, that is not what creates jurisdiction for the Bankruptcy Court. Again, Your Honor, let me split that into two. First of all, why wasn't it filed immediately? Why wasn't it filed until 2012? I don't know why it took that long to bring this action in the Bankruptcy Court. And after the bankruptcy proceeding was closed. And the closing of the bankruptcy, and I've provided citation for that, the closing of the bankruptcy in and of itself does not divest the court of jurisdiction. Does the debtor even exist anymore? I mean, they were suing each other, so I assume this partnership has been dissolved? The debtor, I don't believe the debtor is active. I don't believe it exists. But that's, so in terms of waiting, once a court has jurisdiction, it doesn't lose jurisdiction, neither by the mere passage of time or anything else. Once it has jurisdiction, if we find, if this court finds that the court had jurisdiction to enter the order and to enter an order in which it said it was without prejudice subject to the lien, but without prejudice to Morshauser's right to bring an action in this court to do that. If the court, the Bankruptcy Court, had jurisdiction to do that at that time and buttressed by the fact that it separately said it retained jurisdiction, but I'm not saying that retention of jurisdiction creates it. I'm saying that the bankruptcy system, and specifically, as I've quoted, Section 150, 11 U.S.C., I'm sorry, 28 U.S.C., 157 B, 2 A, and O, and K, I believe. Those are sections wherein the code says that the Bankruptcy Court has jurisdiction to determine the validity, nature, and extent of liens on the property. So the court had jurisdiction to do that at that time, and it indicated that it was keeping that jurisdiction as a result of a condition of the sale, which is in the order, which is part and parcel of this bundle of sticks that makes up the order. If that is true... I know you're going to want to save some time for rebuttal, but before you sit down, I have another question for you, which is, the broker, are you relying on any aspect in your jurisdictional argument on any aspect of the Bankruptcy Court's orders related to the broker? No, Your Honor, I believe that's a completely separate issue. Okay. Yeah, I'll reserve a minute. Okay, all right. We will hear now from Ms. Cerrone. Did I pronounce that correctly? That's correct. All right. Good afternoon. May it please the Court, my client and I are relying on the sound decision of the Bankruptcy Appellate Court. This was a state law claim, as Mr. Wade has just informed you, regarding real property, and it was done outside in the way, but was sort of slid in under the table after the fact. We would consider that a little bit of bad faith in that, and I believe that these are all state claims that could be resolved in state court. They're between two creditors, two debtors. They have nothing to do with the trustee. It's not a claim against the trustee. They do not arise from the administration of the bankruptcy account, and they don't satisfy the rising in criteria or the but-for test that does not apply. Mr. Wade's arguments are asserting that it happened because it happened. It's a circuitous bootstrapping. Just so that I understand the facts, you know, Mr. Wade is referring to the retention of jurisdiction to decide an issue in the future. Did the, to your knowledge, did the Bankruptcy Court ever say anything about the substance of any issue related to Deed of Trust 2 as applied to Parcel 3? No, Your Honor, it did not. It's my understanding that retention of bankruptcy jurisdiction over a matter of Bankruptcy Court is created by statute, not by court order. The Bankruptcy Code is very specific and a statutory means of relief. So we would just ask that this court deny Mr. Wade's client. We do not believe that this is a core proceeding or rising out of the bank. I'll ask you one question. Suppose Mr. Morshauser, prior to the 2007 sale, had said, you know, I'm not going to go forward with this sale unless I get an upfront determination of what these are, and would the Bankruptcy Court then have had jurisdiction to decide the status of the liens in order to then accomplish the sale of the property for the benefit of the estate? I don't believe so. It has to be an actual fact that happened, not a suppose this happens in the future. No, I get to ask hypothetical questions. I'm asking a hypothetical question. Suppose that it played out that way. Would the Bankruptcy Court, in that hypothetical situation where Mr. Morshauser asked upfront for the determination, because he won't agree to the sale at all and the trustee wants to accomplish the sale, could the Bankruptcy Court in that scenario then determine the status of the lien, clarify the value of the property so that the sale could go forward? I don't believe so. I don't believe it can retain jurisdiction when there was none there in the first place. This isn't something that the Bankruptcy Court would be doing in order to accomplish the sale of an asset of the estate for the benefit of the estate. And in order to accomplish the sale, the Bankruptcy Court would need to have jurisdiction over that so that the sale can then be accomplished. Wouldn't it have jurisdiction to do that? Would that have been the case? Yes, but that's not what happened. Correct. But now his argument, as I understand it, is that if the court could do it that way, why couldn't it just say, well, I'll approve the sale now, but subject to that issue being carried later in the case? And why do you say yes? I want to understand. When you say probably yes or perhaps yes, I mean, that really is the crux of some of the questioning that we are presenting to the parties. And I have a similar question as Judge Collins. Before the 2007 order was entered and Mr. Morshauser was wanting to purchase the parcels, but before entering the order asked the court to resolve the liens and encumbrances on those parcels, or after the order if he had asked the Bankruptcy Court to resolve the liens and encumbrances, would that have been appropriate? And I think your response just now was yes. And I want to understand why you're saying that. Why then would that be an arising under related to, why under that analysis would one of those three statutory bases for jurisdiction be fulfilled? I don't know. Maybe I misstated it, but I do not, you said I said yes. I do not believe that they would have retained jurisdiction over an act that was done without their approval outside concerning state law claims between two non-debtors. It simply wasn't before the Bankruptcy Court. So what do you make of that language in the order that talks about the resolution of the liens and encumbrances on the parcels? Yes. If there had been retained jurisdiction, whether to make somebody pay or not, but the point that Mr. Wade failed to inform you that Mr. Morchauser agreed to the sale of the property to satisfy a deed of trust, and it came up short, were short maybe $150,000. But over the years, he has used stalling and appeal after appeal. The gap in cases from the 2007 order and the 2012 when he applied to reopen or to litigate that, to have the court litigate it, was because he was filing multiple claims in state court alleging fraud and that he had been, they had forged a signature. When all those claims were denied and the appeals on him denied, then he did a little forum shopping and said, hey, I'm going to go back to the Bankruptcy Court. I don't think he thought or believed when he made the assignment, when he purchased it, when he went along. It wasn't until 2012, after he had lost all his claims in state court, that he decided to try the Bankruptcy Court. Now, as I understand it, your clients don't actually dispute that there is, from your point of view, you're satisfied. You don't assert any claim or lean against this property. Is that correct? There is... Mr. Collias, who represents ConCapital, did offer in 2007 to give, to release, to reconvey, and Mr. Mortrauser never did it. But there is an outstanding shortage from the sale of the property. He had agreed to take the property in lieu of payment. It was supposed to be $1,100,000 and then another $150,000. In whatever court would hear this dispute, would ConCap be asserting a claim that it's entitled to something? Yes, it would. Do you know why the broker isn't here in this court? Because the broker was a party below, is an appellee, but has filed nothing so far as I understand. When the 2003 deal was made, the broker expressly waived his right to a commission. But then that got superseded by the later order of the court, which retroactively ProTunk approved a commission in the form of the assignment of Deed of Trust 2 for whatever value it was worth, which the court said, I'm not going to determine. So he would seemingly be the party who has an interest in ascertaining the value of Deed of Trust 2, and he's not here, which is very odd, isn't it? No, he's never made a claim. My understanding is that he didn't do that until after the 2006 order, at which time Mr. Morchauser decided to make a claim on his behalf. You still have five minutes on the clock, so you can say an additional argument if you want. No, I think I've said it all. We're looking at the same facts and thinking it means different things, which is why we have you. Thank you. All right, thank you, counsel. Then we'll hear rebuttal from Mr. Wade. The section I was referring to when I say that it's defined as a court proceeding, an action to determine the nature, extent, and validity of liens on property, the property of the estate, is 28 U.S.C. B, 2, A, K, and O. Those are subsections of that, which specifically go to the administration of the estate. In summary— I'm sorry, go ahead, Judge. You left out a digit. You said 28 U.S.C. B— 157. 157. B, 2, A— The pieces that interpret these provisions that you're talking about talk specifically about how the court is resolving these issues as to the estate. So there is the resolution of these liens or encumbrances or issues go in order to the benefit of one of the parties to the bankruptcy. So the estate would benefit from that. I don't disagree with you that if what the outcome of the bankruptcy court's work here is to say, Oh, look, I need to resolve these issues because it's actually going to yield in some additional proceeds to the estate that we might be in the world of a rising and a rising under a relating to. But that's not what's happening here. Nothing is going to change with respect to the proceeds to the estate based on the resolution of the claims your client is seeking to have the court resolve. But it did at the time the court had jurisdiction over the sale. It did at the time the sale was made have that. And it retained that jurisdiction that it had. It retained that jurisdiction in the future. If I could just briefly sum up. Counsel, I'm not sure you answered her question, though, because I thought she was asking what was the benefit to the estate, essentially. They sold the property. And that's where I was going on this. I've discussed this matter. I've been a bankruptcy lawyer for 45 years. I've discussed this with numerous trustees and other persons in the system. And I can represent to the court that this language, the retention of jurisdiction, in order to determine the nature, extent, and validity of secured claims as part and parcel of an order, is not only common, anytime you have a sale subject to liens, this provision is in it. And no buyer will purchase the property without having that. No buyer will purchase a property subject to all the liens with the understanding that they're going to have to go back to the State court on State law issues to make these determinations. It's been put to me in the starkest of terms, and that is, Mr. Wade, Steve, please don't let them make a published decision in this case, or it's going to wreck havoc on the administration of bankruptcy estates. All right. Thank you, counsel. Thank you, Your Honor. The case just argued will be submitted, and we stand in recess. Thank you. All rise. Hear ye, hear ye. All persons having had business with this honorable United States Court of Appeals for the next circuit will now depart for business court for this session and adjourn.
judges: COLLINS, MENDOZA, DESAI